**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE WIREMOLD COMPANY, a Connecticut corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>NEXT GENERATION MARKETING, an Illinois corporation and<br><br>FSR, INC., a New Jersey corporation,<br><br>     Defendants. | Civil Action No.:<br><br>TRIAL BY JURY DEMANDED<br><br>MARCH 19, 2012 |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its claims of patent infringement against defendants FSR, Inc. and Next Generation Marketing, plaintiff, The Wiremold Company, alleges as follows:

**THE PARTIES**

1.   Plaintiff, The Wiremold Company ("Wiremold"), is a Connecticut corporation having its principal place of business at 60 Woodlawn Street, West Hartford, Connecticut 06110.

2.   On information and belief, Defendant Next Generation Marketing ("Next Generation") is an Illinois corporation having its principal place of business at 4 Dartmouth Lane, Hawthorn Woods, Illinois 60047.

3. On information and belief, Defendant FSR, Inc. ("FSR") is a New Jersey corporation having its principal place of business at 244 Bergen Boulevard, Woodland Park, NJ 07424.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PATENTS-IN-SUIT

7. On February 8, 1994, United States Letter Patent No. 5,285,009 (the "009 patent"), entitled "Electrical Floor Box," was duly and legally issued by the United States Patent and Trademark Office. A copy of the 009 patent is attached hereto as Exhibit A.

8. On August 18, 1998, United States Letter Patent No. 5,796,037 (the "037 patent"), entitled "Shallow Recessed Floor Box," was duly and legally issued by the United States Patent and Trademark Office. A copy of the 037 patent is attached hereto as Exhibit B.

9. Wiremold owns all right, title and interest in and to the 009 and 037 patents (collectively, the "Wiremold Patents"), including the right to assert all causes of action arising under said patents and the right to any remedy or infringement of them.

10. Pursuant to 35 U.S.C. § 282, each of the Wiremold Patents, including each and every claim therein, is presumed valid.

**COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 5,285,009**

11. Wiremold repeats and realleges the allegations set forth in paragraphs 1 through 9.

12. On information and belief, prior to expiration of the 009 patent, Next Generation and FSR (collectively "Defendants") infringed the 009 patent by making, using, selling, offering for sale and/or importing into the United States, including in this judicial district, products covered by one or more claims of the 009 patent.

13. On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants had actual knowledge of the 009 patent at the time of infringement. Notwithstanding that actual knowledge, Defendants continued to infringe the 009 patent.

14. On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants' acts of infringement have been made with full knowledge of the 009 patent. Such acts constitute willful and deliberate infringement, entitling Wiremold to enhanced damages and attorney's fees.

15. Wiremold is entitled to recover damages adequate to compensate for Defendants' infringement of the 009 patent, which in no event can be less than a reasonable royalty.

**COUNT II – PATENT INFRINGEMENT OF U.S. PATENT NO. 5,796,037**

16. Wiremold repeats and realleges the allegations set forth in paragraphs 1 through 15.

17. On information and belief, Defendants have infringed and continue to infringe the 037 patent by making, using, selling, offering for sale and/or importing into the United States, including in this judicial district, products covered by one or more claims of the 037 patent.

18. On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants had actual knowledge of the 037 patent at the time of infringement. Notwithstanding that actual knowledge, Defendants continued to infringe the 037 patent.

19. On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants' acts of infringement have been made with full knowledge of the 037 patent. Such acts constitute willful and deliberate infringement, entitling Wiremold to enhanced damages and attorney's fees.

20. As a consequence of Defendants' infringement of the 037 patent, Wiremold has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

21. Wiremold is entitled to recover damages adequate to compensate for Defendants' infringement of the 037 patent, which in no event can be less than a reasonable royalty.

**PRAYER FOR RELIEF**

Wherefore, Wiremold respectfully requests entry of a judgment in its favor and the following relief:

A. Judgment that the Wiremold Patents are valid and have been infringed by Defendants;

B. That this Court issue an injunction, permanently enjoining FSR and its officers, agents, subsidiaries, successors, employees, representatives, and assigns from further infringement of the 037 patent;

C. That this Court issue an injunction, permanently enjoining Next Generation and its officers, agents, subsidiaries, successors, employees, representatives, and assigns from further infringement of the 037 patent;

D. That this Court ascertain and award Wiremold damages adequate to compensate Wiremold for all acts of infringement by Defendants, but in no event less than a reasonable royalty for the use made of the infringed Wiremold Patents;

E. That the damages so ascertained be increased up to three times as provided for in 35 U.S.C. § 284;

F. That this case be declared exceptional and that Wiremold be awarded its attorneys' fees under 35 U.S.C. § 285;

G. That Wiremold be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendants' infringement of the Wiremold Patents;

H. That Wiremold be awarded its costs and expenses in this action; and

I. That this Court grant Wiremold such other and further relief as it may deem just and proper.

## **JURY DEMAND**

Wiremold demands a trial by jury on all issues so triable.

Dated: <u>March 19, 2012</u>  Respectfully submitted,

<u>/s/Kirk A. Vander Leest</u>
Kirk A. Vander Leest
David Z. Petty
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Phone: (312) 775-8000
E-mail: kvanderleest@mcandrews-ip.com
E-mail: dpetty@mcandrews-ip.com


*Attorneys for Plaintiff*,
**THE WIREMOLD COMPANY**
